

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
Civil Division - Small Claims and Conciliation Branch
510 4th Street, N.W., Court Building B, Room 120, Washington, D.C. 20001
Telephone Number: (202) 879-1120 Website: www.dccourts.gov



FILED

FEB 25 2019

Clerk
Superior Court
of the District of Columbia
Small Claims Branch

Steven H. Hall _____
Plaintiff(s)
7141 Chesapeake Village Blvd
Chesapeake Beach, MD 20732
Address                    Zip Code
Phone No. (301)801-6506

vs.

(1) Teresa Pohlman
(2) Lisa Ruivaers
(3) _____

No. SC ⊂019 (SC3) 201102

**STATEMENT OF CLAIM**

Read and review Plaintiff's letter and Exhibits A – H.
Harassment, Negligence, slander and libel.

_____
_____

DISTRICT OF COLUMBIA, ss: Steven H. Hall being first duly sworn on oath says the foregoing is a just and true statement of the amount owing by the defendant to plaintiff, exclusive of all set-offs and just grounds of defense.

H. Hall Steven H. Hall _____
Plaintiff/Agent (Sign and Print Name)

7141 Chesapeake Village Blvd
Address
Chesapeake Beach, MD 20732
City/State/Zip Code 4 - 650 Gr
Phone No.: (301)

Title: Plaintiff/Probe _____

Subscribed and sworn to before me this 25 day of Feb 2019

_____
Attorney for Plaintiff (Sign and Print Name)

_____    _____
Address              Zip Code
Bar No.: _____    Phone No.: ___  _____

**NOTICE (All parties must notify the court of any address changes.)**

To:
(1) Teresa Pohlman
6621 Frost Lake Lane
Alexandria VA 22315
Address                    Zip Code
☑ Home    ☐ Business

(2) Lisa Ruivaers
650 Massachusetts ++ 5 Avenue, N.W.
9th Floor
Washington, DC 20001
Address                    Zip Code
☐ Home    ☑ Business

Defendant

Defendant

You are hereby notified that Steven H. Hall

has made a claim and is requesting judgment

against you in the sum of Ten Thousand dollars ($ 10,000.00 ),

as shown by the foregoing statement. The court will hold a hearing upon this claim on March 19, 2019 at

9:00 a.m. in the Small Claims and Conciliation Courtroom 119, Bldg. B, 510 4th Street, N.W.,

SEE REVERSE SIDE FOR COMPLETE INSTRUCTIONS BRING THIS NOTICE WITH YOU AT ALL TIMES

Deputy Clerk
Small Claims and Conciliation Branch

CV-431/Aug 2017

## INSTRUCTIONS TO DEFENDANTS

IMPORTANT: IF YOU FAIL TO APEAR AT THE TIME STATED OR AT ANY OTHER TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY, DAMAGES OR OTHE ᛫ ᛫ELIEF DEMANDED IN THE STATEMENT OF CLAIM. IF THIS OCCURS, YOUR WAGES OR BANK ACCOUNT MAY BE ATTACHED OR WITHHELD OR ANY PERSONAL PROPERTY OWNED BY YOU MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. DO NOT FAIL TO APPEAR AT THE REQUIRED TIME.

Before any case goes to trial in the Small Claims and Conciliation Branch, a trained mediator will meet with all parties to see if a settlement can be worked out. If all parties are present when your case is called, you and the plaintiff will be able to see a mediator and hopefully settle your dispute without having to go to trial.

You may come with or without a lawyer. The Statement of Claim indicates whether the plaintiff has a lawyer. If the plaintiff does have a lawyer and you wish to dispute the claim, it would be in your best interest to have your own lawyer.

If you wish to have legal advice and feel that you cannot afford to pay a fee to a lawyer, you may contact the Neighborhood Legal Services at (202)269-5100 or The DC Law Students in Court Program at (202) 638-4798 or Legal Counsel for the Elderly at (202) 434 2170 or the Legal Aid Society at (202) 628-1161 or if you need further help come to Building B, 510 4th Street, N W., Room 120, for more information concerning places where you may ask for such help. You may also consult the D.C. Bar Website at www.lawhelp.org/dc. Act Promptly

If it is impossible for you to appear on the date of trial, attempt to contact the Plaintiff to arrange a new date. If parties agree on a date, notify the clerk of the Small Claims Branch of this court in person or by phone of the new date. If parties cannot agree, you may contact the clerk who will inform you regarding procedures. If you do not appear on the new date, a judgment may be entered against you.

Whenever corresponding with the Small Claims clerk's office by mail, please include your case number and your date to appear in court.

You are given the following additional instructions in the event that you intend to appear without a lawyer.

If you have witnesses, books, receipts, or other writings bearing on this claim, you should bring them with you at the time of the hearing.

If you wish to have witnesses summoned, see the clerk at once for assistance.

If you admit the claim but desire additional time to pay, you must come to the hearing in person and state the circumstances to the Court.

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPAÑOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, EDIFICIO B, 510 4TH STREET N.W., SALA 120.

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C. BUILDING B, 510 4TH STREET N.W., ROOM 120.



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION
## SMALL CLAIMS AND CONCILIATION BRANCH
### INFORMATION SHEET

Steven H. Hall
Plaintiff

Case No: 2019 (SC-3) 001102

vs
Teresa Pohl man and Lisa Winevers

Date: 2/25/2019

Defendant

Steven H. Hall
Name: (please print)

Relationship to Lawsuit

☐ Attorney for Plaintiff

Firm Name, if applicable

☑ Self (Pro Se)

(301) 801-6506
Telephone No:                 6 Digit Unified Bar No. ☐ Other:

Do you need an interpreter for your case? ☐ Yes  ☑ No If yes, what type:

AMOUNT IN CONTROVERSY: ☐ $1 -$500     ☐ $500.01 - $2,500     ☑ $2,500.01 - $10,000

PENDING CASE(S) RELATED TO THE ACTION BEING FILED: DHS Case No. ZZZ53-2012

Case No:                                    Case No: EEOC Case No. 570-2013-00245X

NATURE OF SUIT: (Check Appropriate Box(s))

A. CONTRACTS – a claim based on an agreement between parties made either orally or in writing

| | | |
|---|---|---|
| ☐ Debt Suit | ☐ Breach of Warranty | ☐ Negotiable Instrument |
| ☐ Personal Property | ☐ Loan | ☐ Rent Due |
| ☐ Unpaid Wages | ☐ Services Rendered | ☐ Security Deposit |
| ☐ Breach of Contract | ☐ Home Improvement Contract | ☐ Oral |

B. PROPERTY TORTS – a claim for an injury or wrong committed on the property of another

| | | |
|---|---|---|
| ☐ Automobile | ☐ Conversion | ☐ Shop Lifting |
| ☐ Property Damage | ☐ Destruction of Property | ☐ Trespass |

C. PERSONAL TORT – a claim for an injury or wrong committed on the person of another

| | | |
|---|---|---|
| ☐ Assault and Battery | ☐ False Witness | ☑ Libel and Slander |
| ☐ Automobile | ☐ Personal Injury | ☑ Negligence |
| ☑ Harassment | ☐ Fraudulent Misrepresentation | ☐ Slip and Fall |

D. ☐ UNIFORM ARBITRATION ACT – an action based on an arbitration agreement

E. ☐ FOREIGN JUDGMENT- a judgment, decree or order filed from another jurisdiction

F. ☐ MEDICAL MALPRACTICE – a claim against a healthcare provider for professional misconduct

G. ☐ SUBROGATION – a claim filed by one person in the place of another

H. ☐ COLLECTION- a claim filed by a seller or lender to collect a consumer debt

Have you given notice of intention to file your lawsuit 90 days prior to filing?  ☐ Yes  ☐ No

# Superior Court of the District of Columbia
## CIVIL DIVISION
## SMALL CLAIMS AND CONCILIATION BRANCH
### Bldg. B, 510 Fourth Street, N.W., RM - 120

STEVEN H. HALL.
*Plaintiff*

vs.

File No. __ __

TERESA POHLMAN
LISA QUIVEORS
*Defendants.*

February 25, 2019

## HARASSMENT, NEGLIGENCE, SLANDER, AND LIBEL

On or about March 13, 2012. Defendant (Pohlman, a female) directed the Plaintiff to call (Quiveors, a female), co-worker and inform her to call into the weekly Office of Safety and Environmental Program (OSEP) staff meeting. Plaintiff left a voice-message on (Quiveors') Blackberry device. Plaintiff noticed that (Quiveors') voicemail greeting was not professional and felt obligated to inform (Quiveors) by leaving a message on her Blackberry device. (Pohlman) denied Plaintiff's request for a rotational/temporary detail assignment from OSEP. Exhibit A. The inquiry and investigation were biased and tainted. (Pohlman) continued to harass him regarding whereabouts of (Quiveors) and other department employees. (Pohlman) was out of the office every other Friday through Monday visiting her father in Florida. (Pohlman) lost control of the office and this allowed her subordinate employees to telework uncontrollably. (Pohlman) required Plaintiff to call (Quiveors) regarding her whereabouts. Exhibit B. (Pohlman) would scold the Plaintiff if he missed a phone call

or forgot to take a message from her boyfriend (Gene). Plaintiff started emailing (Pohlman's) to inform her that (Dr. G) had called. Exhibit C. Plaintiff complained about (Pohlman's) leadership-style, mismanagement of his career, and hostile working environment that led to retaliation.

On March 16, 2012, Plaintiff was informed by (Dan A. Wilson), Agency Chief of Staff that sexual harassment; inappropriate behavior complaint was filed against him based on the voice-mail greeting. From March 16, 2012, to May 23, 2012, (Pohlman) refused to remove herself from the sexual harassment inquiry and investigation to ensure that the Plaintiff was found guilty of sexual harassment in the workplace. (Pohlman and Quiveors) refuse to meet and discuss, or warn Plaintiff of the alleged sexual harassment complaints dating back to October 2011.

On May 24, 2012, (Pohlman) issued Plaintiff a Letter of Counseling stating; "*Hey I don't like that voicemail you know it just (pause) I don't know it just don't sound like its work related. You know it just sound more of a silhouette type you know sexy tone or something. It's just throwing me off.*" *Anyway, hey um let me uh talk to you after the staff meeting. It's getting ready to start in a minute. I ain't get a chance uh to get back with you because it's ongoing fires but I'll holler at you. This is Steven (pause) works in OSEP and um (pause) I'll talk to you at the staff meeting okay (pause) heavy breathing) alright (pause heavy breathing) bye bye.*" Exhibit D. (Pohlman's) Letter of Counseling and (Quiveors) allegations were nothing less than slander and libel (sexual bias) against Plaintiff. Defendants refuse to produce or provide the voice-message recording to the Plaintiff.

Defendants violated the Wiretapping Act of 1986, as codified by 18 U.S.C. 2511. District of Columbia is a "one-party" consent state under DC Code 23-542 that require at least one-party consent regarding recorded messages. (Quiveors) did not receive consent from Plaintiff before providing a

2

voicemessage to (Pohlman) while engaging in slander and libel against Plaintiff.

On May 24, 2012, (Pohlman) issued Plaintiff a Management Directed letter stating;
"*On or about March 15, 2012, the Office of the Chief Administrative Officer (OCAO) initiated an investigation into allegations of your misconduct, which were reported by Occupational and Safety and Environmental Program (OSEP) Program Analyst Lisa Quiveors.*" Exhibit E.

(Quiveors) testified that a former male co-worker touched her breast and nothing was done dating back to 1991. Between March 2012 and July 2012, (Quiveors) was dishonest by providing the inquiry and investigations seven (7) slandering statements regarding sexual harassment from February 1, 2012, to March 13, 2012. (Pohlman's) Letter of Counseling states; "*since October 2011, you allegedly engage in inappropriate behavior...*" (Quiveors) did not mention or provide any statements between October 2011 to January 2012. See *Hall v. Dept' of Homeland Security*, EEO case No. 22253-2012, Report of Investigation (ROI), pp315, 371. (November 21, 2013) Exhibit F. (Quiveors') sexual harassment allegations have no merit. (Pohlman and Quiveors) false allegations of sexual harassment resulted in Plaintiff being reassigned to St. Elizabeth's construction site in August 2012. Defendants are unable to provide factual evidence that can eradicate slander and libel.

(Wilson) stated; "*I began my direct inquiry into the alleged misconduct, I realized there were several issues at hand, that seem to cloud the inquiry.*" See *Hall v. Dept' of Homeland Security*, EEO case No. 22253-2012, ROI, p285. (November 21, 2013). Exhibit G.  (Wilson's) inquiry regarding sexual harassment did not produce evidence to find Plaintiff guilty. Agency reassigned Plaintiff to St. Elizabeth's as punishment. Agency Office of General Counsel falsely stated; "*Complainant has*

3

*brought frivolous claims against Ms. Quiveors in what appears to be retaliation for Ms. Quiveors' credible complaint of sexual harassment."* See *Hall v. Dept' of Homeland Security*, EEOC case No. 570-2017-01139X, p7, para 3. (October 16, 2018).

(Pohlman and Quiveors) are negligent and responsible for the Plaintiff being reassigned to St. Elizabeth's construction site, a noxious (dusty) working environment. Plaintiff's respiratory and mental health issues were exacerbated in August 2012 and February 2013 at St. Elizabeth's.

EEOC Administrative Judge (AJ), a female dismissed Plaintiff's allegations regarding mismanagement of his career while in a hostile working environment. However, EEOC AJ did not determine that sexual harassment occurred in the workplace. Plaintiffs determining factors are; (1) Quiveors teleworked 3-4 days per week, (2) Plaintiff and Quiveors were on sick and annual leave for several days in February 2012 and March 2012, (3) there were no witnesses to validate the alleged sexual harassment, (4) Pohlman and Quiveors collaborated to have Plaintiff removed from OSEP, (5) Mr. Wilson was not confident that sexual harassment occurred in the workplace, (6) Agency did not inform Plaintiff about the recorded voice-message, (7) Quiveors waited five months before informing her chain of command of sexual harassment, (8) Quiveors fail to warn the Plaintiff about sexual harassment, (9) Pohlman was the direct supervisor for Quiveors and Plaintiff while demonstrating favoritism for Quiveors, (10) Pohlman refused to remove herself, and this tainted the sexual harassment inquiry and investigation, (11) there were no signs posted throughout departments to educate employees of sexual harassment, (12) Quiveors allegations were not credible based on a previous complaint made against a male co-worker dating back to 1991, (13) Plaintiff requested a rotational/temporary job detail that was denied by Pohlman and this allowed Pohlman to harass and

7

Quiveors to file a false allegation of sexual harassment complaint, (14) Pohlman's Letter of Counsel was explicit and sexually biased (sex discrimination) against Plaintiff, a male subordinate employee.

EEOC AJ dismissal decision exposed the fact that (Quiveors) filed a false allegation of sexual harassment complaint against Plaintiff in March 2012. EEOC AJ's decision contradicts (Pohlman's) Letter of Counseling and Management Directed letters. See *Hall v. Dept' of Homeland Security*, EEOC Order Entering Judgment, Case No. 570-2013-00245X. (November 21, 2013). Agency (DHS) was known as a *"female-run frat-house"* where male staffers were routinely humiliated. Exhibit II. Also see *Hayes v. Janet Napolitano*, Civil Action No. 12-0825-ABJ. (August 16, 2012). (Pohlman and Quiveors) believed that their allegations of sexual harassment would survive throughout the Agency. This was a very dark time for Agency males in 2012. Defendant's harassment, negligence, slander and libel have humiliated and ruined Plaintiff's reputation throughout the Agency, and have prevented the Plaintiff from employment opportunities in the Federal government since November 2013. Plaintiff seeks $5,000 from (Pohlman) and $5,000 from (Quiveors) in damages.

Respectfully submitted,

STEVEN H. HALL

7141 Chesapeake Village Blvd,
Chesapeake Beach, MD 20732
(301) 801-6506
Steven.H.Hall@comcast.net

5

# CERTIFICATE OF SERVICE

On February 25, 2019, Plaintiff certifies that a copy of this claim was delivered to this Superior Court Small Claims Division Court and that they will serve upon Defendants.

TERESA POHLMAN
6621 Frost Lake Lane
Alexandria, VA 22315
(703) 922-6317 / (202) 343-4040
Teresa.Pohlman@Hq.DHS.gov

LISA QUIVEORS
650 Massachusetts Avenue, N.W.,
4th Floor
Washington, DC 20001
(202) 343-4040
Lisa.Quiveors@Hq.DHS.gov

February 25, 2019
(Date)

STEVEN H. HALL
Plaintiff/Pro Se
7141 Chesapeake Village Blvd
Chesapeake Beach. MD 20732
(301) 801-6506
Steven.H.Hall@comcast.net

6

XFINITY Connect

Steven.H.Hall@comcast.ne

+ Font Size :

# Homeland Security Rotation Program (HSRP) Application

**From :** Steven Hall <Steven.Hall@HQ.DHS.GOV>
Tue, May 08, 2012 01:48 PM

**Subject :** Homeland Security Rotation Program (HSRP) Application

**To :** steven h hall <steven.h.hall@comcast.net>

Dr. Pohlman had no justification to deny my below request regarding a detail as an Training Coordinator GS 13/14 position.
Steven Hall

**From:** Hall, Steven
**Sent:** Tuesday, April 03, 2012 2:49 PM
**To:** Pohlman, Teresa; Quandahl, Kathy
**Cc:** Wilson, Daniel
**Subject:** Re: Homeland Security Rotation Program (HSRP) Application

I'm not really sure how that ties into career development, but alright.
Steven

From: Pohlman, Teresa
Sent: Tuesday, April 03, 2012 02:37 PM
To: Hall, Steven; Quandahl, Kathy
Cc: Wilson, Daniel
Subject: RE: Homeland Security Rotation Program (HSRP) Application

Steven,

I am sorry but at this time I cannot consider this request, pending the outcome of the investigation.

Dr. Teresa R. Pohlman, LEED AP

Director, Occupational Safety & Environmental Programs

Office of the Chief Administrative Officer

Department of Homeland Security

cell phone: 202-821-9380

From: Hall, Steven
Sent: Tuesday, April 03, 2012 1:22 PM
To: Pohlman, Teresa; Quandahl, Kathy
Cc: Wilson, Daniel
Subject: RE: Homeland Security Rotation Program (HSRP) Application

Teresa,

I think you're misunderstanding the overall request and my IDP isn't going to indicate nothing in regards to the application, but simply approve.

Exhibit A